UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY THIGPEN,                                    )
                                                )
                Plaintiff,                      )    Case No.: C07-1232 CRD
                                                )
        v.                                      )
                                                )
MICHAEL J. ASTRUE,                              )    ORDER RE: SOCIAL SECURITY
Commissioner of Social Security,                )    DISABILITY APPEAL
                                                )
                Defendant.                      )
                                                )

---

Plaintiff Jay Thigpen[1]  appeals the final decision of the Commissioner of the Social

Security Administration ("Commissioner") who denied his applications for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C

sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI

of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge

("ALJ").  For the reasons set forth below, the Court REVERSES the Commissioner's decision

and REMANDS the case for payment of benefits.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-six-year-old male, forty years old at the alleged disability onset date.

He has a high school education and completed two years of college.  He has work experience as

---

[1]Plaintiff's name is alternatively stated as: Jay Thigpen, John Thigpen, John J. Thigpen, or John E. Thigpen II, as
well as other variations throughout the administrative record and the parties' briefs.

a bookkeeper, warehouse forklift driver, data communication technician, and user support technician.

Plaintiff applied for SSI and DIB in October 2002, alleging disability since June 2001 due to diagnosis with human immunodeficiency virus ("HIV"). His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing.

A *de novo* hearing before ALJ Arther Joyner was held on August 15, 2005. The ALJ heard testimony from two witnesses: a vocational expert ("VE") and Plaintiff, who was represented by counsel, Gerald R. Tarutis, Esq. Administrative Record ("AR") at 284-316. The ALJ rendered an unfavorable decision on November 30, 2005[2], finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On August 15, 2007, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

---

[2]The Court notes that the ALJ's signature page that states the date the decision was rendered is missing from the administrative record; the November 30 date is taken from the ALJ's letter to Plaintiff, which accompanies the ALJ's decision. AR at 11-13.

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Thigpen bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[3] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 20, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of "asymptomatic HIV" and "degenerative disc disease of the back." AR at 20, Finding 3. If the

---

[3]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*  In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment.  AR at 20, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The ALJ in this case determined Plaintiff retained a RFC for a "light level of physical exertion" with additional restrictions of lifting and carrying only 20 pounds occasionally and 10 pounds frequently; he is able to sit, stand or walk for 6 hours during an eight-hour workday; he cannot perform forceful pushing with his lower extremities or climb ladders, ropes or scaffolds, or work around heights or hazards, but can occasionally climb stairs, balance, stoop, kneel, crouch and crawl.  AR at 17; 20, Finding 5.  The ALJ next found that Plaintiff could perform his past relevant work of bookkeeper and user support technician.  *Id.* at 20, Finding 7.

If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.  In this case, the ALJ determined that Plaintiff retains the ability to perform some of his past relevant work.  AR at 20, Finding 7.  The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA.  *Id.*

///

///

ORDER - 4

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1.      Did the ALJ fail to follow the proper analytical framework?

2.      Did the ALJ err in assessing Plaintiff's credibility?

3.      Did the ALJ err in determining Plaintiff's RFC?

Dkt. No. 13 at 2.

## VI. DISCUSSION

The ALJ found that Plaintiff's testimony was not fully credible and therefore did not include in the RFC determination his testimony concerning debilitating pain and fatigue. Plaintiff asserts that the ALJ did not provide clear and convincing reasons for finding his allegations of severe pain and other symptoms not fully credible.  Plaintiff argues that if the ALJ had properly analyzed his credibility with respect to his subjective complaints of pain, the side effects of his medication, and other various limitations, all of which Plaintiff argues are supported by objective medical evidence, that the resulting RFC determination would have shown that he is unable to perform any work.  Dkt. 13 at 2.  Defendant argues that the ALJ properly assessed the medical evidence, giving clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints.  Dkt. 14 at 3.

A.    *Proper Analytical Framework*

Plaintiff asserts that grounds for reversal stem from the ALJ's failure to follow the appropriate analytical framework.  Dkt. 13 at 6.  The Ninth Circuit recently reiterated the applicable framework that an ALJ must follow in making a credibility determination with respect to subjective pain or symptom allegations:

First, the ALJ must determine whether the claimant has presented **objective medical evidence of an underlying impairment** "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). The claimant, however, "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).  "Thus, the ALJ may not reject subjective symptom testimony ... simply because there is no showing that the

impairment can reasonably produce the degree of symptom alleged." *Id.*; *see also Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the **severity** of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281; *see also Robbins*, 466 F.3d at 883 ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (emphasis added).

Plaintiff asserts that under the first step of the above analysis, the ALJ did not determine whether there was "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Dkt. 13 at 8. Defendant asserts, and arguably concedes, that because the ALJ found Plaintiff to have the severe impairments of HIV and degenerative disc disease, that Plaintiff meets step one. The Court finds that although the ALJ did not explicitly use the language that Plaintiff's complaints "could reasonably be expected to produce the level of pain or symptom alleged," the ALJ nonetheless found Plaintiff has underlying impairments of HIV and degenerative disc disease—a finding which implies complaints and symptoms stemming from those impairments could be reasonably expected. Although Plaintiff disputes the ALJ's manner of analysis and wording, Defendant effectively concedes that step one is met, *i.e.*, Plaintiff successfully presented sufficient medical evidence of an underlying impairment. This Court agrees. Once this determination is made, the ALJ proceeds to step two. At step two, if there is no malingering by Plaintiff, the ALJ can only reject Plaintiff's testimony by citing clear and convincing evidence.

Central to Plaintiff's argument is the assertion that the ALJ impermissibly discredited his testimony because the ALJ did not first determine whether medical evidence could reasonably be expected to produce pain and other symptoms alleged. However, Plaintiff confuses the two steps of the analysis by focusing on the preliminary screening function of step one, wherein the ALJ is prevented from initially rejecting subjective symptom testimony based solely on a lack of

ORDER - 6

objective medical evidence.  Step one functions to protect plaintiffs from summary dismissal of subjective complaints, and Plaintiff met this step.  Plaintiff misconstrues this preliminary threshold at step one with the ultimate determination of credibility with respect to the severity of symptoms alleged at step two.  In sum, step one establishes the existence of an impairment that *could* result in the alleged symptoms, and step two concerns the severity of the resulting symptoms.  Thus, once the ALJ finds Plaintiff has established evidence of an underlying impairment at step one, the remaining issue under step two is whether the ALJ finds sufficient reasons for rejecting plaintiff's testimony regarding the severity of those symptoms.

Here, the ALJ followed the appropriate analytical framework: first he found that Plaintiff's HIV and degenerative disc disease were severe medical impairments; he then concluded that the evidence does not support the degree of pain and limitation alleged by Plaintiff.

B.    *Plaintiff's Credibility*

As discussed above, absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by giving "specific, clear and convincing reasons" for the rejection.  *See Lingenfelter*, 504 F.3d at 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59.  In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings supported by substantial evidence.  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."  *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).  "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains."  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  However, an ALJ may not discredit a claimant's pain

testimony solely on the ground that it is not supported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

Here, the ALJ concluded that Plaintiff's testimony was not fully credible primarily because the medical evidence did not support the degree of pain and degree of limitation he alleged. The ALJ cited no evidence of malingering by Plaintiff, nor does this Court find any. The ALJ gave the following reasons for not finding Plaintiff fully credible:

> His testimony, however, was not fully credible. While the evidence supports the existence of some pain, it does not support the degree of pain and degree of limitation alleged by the claimant. Although the claimant may believe he is only able to sit for an extremely short period of time, the medical evidence has not supported his belief. As noted earlier in this decision, an examining physician found that the claimant was able to sit without restriction and to stand/walk for 6 hours a day.

> The claimant also complained about concentration problems, but there is no evidence of any cognitive impairment. In fact, the medical record contains no psychological diagnosis or psychological treatment.

> The medical evidence simply does not support his allegations. In regard to his HIV disease, the medical reports show general improvement in his CD4 count (Ex. 2F-8). According to Dr. Scott, the claimant's HIV disease, which had an undetectable viral load, was well controlled with his regimen of medications (Ex. 2F). Dr. Scott did not "…find evidence for disability" (Ex. 2F). Dr. Quint also noted the claimant's viral load was undetectable (Ex. 4F). Even though the claimant was on medications that might cause fatigue, he appeared alert, oriented, and upbeat (Ex. 5F-3). While complaining during physical therapy of difficulty in sitting or remaining static due to increased posterior leg pain, examination showed that he had 5/5 muscle strength in the lower extremities. (Ex. 7F-9).

> During the evaluation by Dr. Quint in 2003, the claimant had a healthy appearance. He was observed to walk down the hall without a limp and to sit comfortably. He also was able to get on and off the examination table without any problem. Although he exhibited a decreased range of motion and pain in his neck, he did not appear fatigued, tired or short of breath. The claimant was able to heel/toe walk without problems. (Ex. 4F).

> The examination performed by Dr. Bede in June 2003 showed a normal alignment of the spine with full unguarded motion of the cervical and thoracolumbar region without any tenderness. He had full range of motion in the upper extremities (Ex. 5F-3).

Inconsistencies also exist between the claimant's past statements and his allegation of disability back to 2001.  In 2004, the claimant admitted that he had full mobility without pain prior to the motor vehicle accident in April of that year (Ex. 7F).

For all of these reasons, the claimant's testimony did not provide convincing evidence of limitations inconsistent with a light level of physical exertion with additional restrictions as described in this decision.

AR at 18-19.

### 1.  Medical Evidence

The Court agrees with the ALJ's finding that there is little objective medical evidence supporting Plaintiff's allegations.  However, an ALJ may not discredit a claimant's pain testimony solely on the ground that it is not supported by objective medical findings.  *Fair*, 885 F.2d at 602.  First, Plaintiff points to evidence, including the findings of Dr. Quint, to demonstrate that his symptoms could be as severe as he alleges.  Dkt. 13 at 9.  However, in 2003, Dr. Quint opined that Plaintiff could work.  AR at 154.   Plaintiff also argues that the medication he takes to keep the HIV infection under control could produce the severity of symptoms he alleges, and that the ALJ failed to fully assess the side effects of his medication.  Dkt. 13 at 9-10. The ALJ noted that although Plaintiff's medication "might cause fatigue," Dr. Quint found him "alert, oriented, and upbeat" during the 2003 examination.  AR at 154.  The Court notes that the opinion of Plaintiff's treating physician, Dr. Schwartz, does not go much further in objective support of his fatigue and pain allegations.  In a letter by Dr. Schwartz to Plaintiff's counsel submitted on appeal, the doctor noted that: "[i]n terms of his ability to work, there is no doubt that patients in his situation may have significant fatigue as well as a variety of side effects or toxicities related to his medication including neuropathy, joint complaints, diarrhea, nausea, difficulty sleeping, etc."  AR at 273.  Dr. Schwartz concluded by stating that,

> …his work as a cab driver certainly puts him at risk for poor circulation and nerve compression from prolonged sitting and this certainly could exacerbate his musculoskeletal condition.  I think a full determination of his limitations of range of motion and ability to work would probably be best pursued by orthopaedic surgery or a spine surgeon, perhaps with assistance for physical therapy evaluation.

AR at 273.

Dr. Schwartz did not state that *Plaintiff* had such limitations; but that "patients in his situation" *may* have fatigue and other such side effects from HIV medication.  Dr. Schwartz did not opine Plaintiff is unable to work.  Although Plaintiff cites evidence that shows his symptoms could be severe, he cites no more compelling objective evidence in support of his limitations.  Plaintiff also argues that the ALJ's failure to consider his chronic diarrhea as a nonexertional impairment is reversible error.  Dkt. 13 at 11.  Plaintiff is correct that the ALJ did not mention this symptom in his analysis.

Plaintiff also argues the ALJ failed to properly analyze his allegation of extreme fatigue, which results in falling asleep in the middle of the day, every day for "four to five hours" after taking his pain medication.  Dkt. 13 at 11.  Other than his own testimony and medical evidence stating fatigue is a possible side effect of HIV medication, Plaintiff cites no other evidence of this as a daily occurrence.  However, despite the lack of objective evidence, the rule is that an ALJ may not discredit a claimant's pain testimony solely on the ground that it is not supported by objective medical findings.  *Fair*, 885 F.2d at 602.

Other than finding the medical evidence does not support the severity of symptoms Plaintiff alleges, the only other reason the ALJ gave for not fully crediting his testimony is that "[i]nconsistencies also exist between the claimant's past statements and his allegation of disability back to 2001.  In 2004, the claimant admitted that he had full mobility without pain prior to the motor vehicle accident in April of that year."  In making this finding, the ALJ refers to a physical therapy assessment performed approximately one month after Plaintiff was in a car accident, done presumably for the purpose of treatment after the accident.  AR at 172.  The report states under a section for "functional status prior to onset" that, "[p]atient reports he had full mobility without pain previous to the motor vehicle accident."  *Id.*  The Court does not agree with the ALJ that this statement demonstrates an inconsistency with Plaintiff's HIV complaints prior to that time.  It is apparent from the context that Plaintiff was reporting his mobility and pain status with respect to injuries sustained in the car accident, not referring to any preexisting pain he may have had before then due to being HIV positive.  This is not a clear and convincing

reason for finding Plaintiff's testimony not credible and rejecting Plaintiff's subjective complaints.

Although there is little objective evidence in the record supporting Plaintiff's subjective pain and fatigue allegations, neither is there evidence in the record to contradict his severity allegations or to find Plaintiff not credible.  Complaints such as pain and fatigue are subjective by their very nature.  "Unlike most medical conditions capable of supporting a finding of disability, pain cannot be objectively verified or measured.  While the physical conditions causing pain can usually be objectively ascertained, the pain itself cannot; the very existence of pain is a completely subjective phenomenon.  So is the degree of pain: The amount of pain caused by a given physical impairment can vary greatly from individual to individual." *Fair*, 885 F.2d at 601.

The ALJ found that, "[w]hile the evidence supports the existence of some pain, it does not support the degree of pain and degree of limitation alleged by the claimant," and that, "[t]he medical evidence simply does not support his allegations."  AR at 18.  The only other reason the ALJ gave beyond finding that the objective medical evidence does not support the severity Plaintiff alleges is the supposed inconsistency the ALJ found with respect to prior statements after the car accident.  Because this Court finds that singular reason not clear and not convincing, and because the ALJ cannot otherwise discredit Plaintiff's subjective complaints based solely on a lack of objective evidence, the ALJ's failure to fully credit Plaintiff's testimony was in error.

2.      Additional Factors

"In weighing a claimant's credibility, the ALJ may consider…his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light*, 119 F.3d at 792.  Mr. Thigpen has a solid work history over many years: he testified he has worked as a forklift driver, as a computer technician, and as a cab driver.  When it became difficult for Plaintiff to work, he made an attempt to teach computer skills out of his home.  AR at 287-88.  Although submitted after the ALJ's decision, Plaintiff's former roommate stated in a declaration that Plaintiff's pain is severe and debilitating, that he helped Plaintiff with daily functioning activities, and that "for the past

few years he has shut down because of his pain and hardly does anything at all." AR at 251. Additionally an ALJ may consider: "(1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence." *Lingenfelter*, 504 F.3d at 1040. In this case Plaintiff testified that his daily activities include not much more than taking a shower, getting something to eat, watching some television and doing some light reading; he no longer participates in sports, dancing or traveling, he does minimal housecleaning only when it becomes absolutely necessary; and his roommate helps him with grocery shopping, cleaning, cooking and laundry. AR at 289-292. Plaintiff is prescribed a long list of medication for HIV control and pain medication for the compressed disc in his back and pain in his leg from a car accident. He testified the medication causes him diarrhea, upset stomach, headaches, and chest pains, and causes him to fall asleep within a half hour of taking the medication; he has had several spinal injection epidural pain treatments; and he underwent ultrasonic pain treatment until his insurance no longer covered it. AR at 295-99. Thus, many of the factors an ALJ may consider weigh in favor of Plaintiff. Moreover, there is no evidence in the record that Plaintiff is malingering, nor did the ALJ cite any evidence thereof. The ALJ cited minimal factors weighing against Plaintiff, and indeed scraped together reasons to find Plaintiff not disabled. In sum, the ALJ did not set forth the requisite clear and convincing reasons for discrediting the degree of pain and other limitations alleged by Plaintiff.

### C.   Residual Functional Capacity Determination

As discussed above, the ALJ did not present clear and convincing reasons for excluding Plaintiff's testimony of pain and other symptoms from the RFC determination. Thus, substantial evidence does not support the RFC determination. Because the RFC determination was in error, substantial evidence also does not support the ALJ's conclusion at step five that Plaintiff is capable of performing his past work.

In cases where there are no outstanding issues to be resolved, and where, had the ALJ had taken Plaintiff's testimony as true the ALJ would clearly be required to award benefits, the court takes Plaintiff's testimony to be established as true. *See Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) (stating that where the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for immediate award of benefits); *see also Lingenfelter,* 504 F.3d at 1041. Such is the case here.  At the hearing, the ALJ asked the vocational expert whether Plaintiff could perform the same jobs if he were to consider Plaintiff's testimony as fully credible.  The vocational expert found Plaintiff would not be able to sustain employment at those jobs.  AR at 314.  Accordingly, this Court deems that further administrative proceeds are not necessary and remands for payment of benefits.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for payment of benefits.

DATED this 11th day of June, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 13